UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 20-65 |
| ASHTON J. RYAN JR.<br>WILLIAM J. BURNELL<br>ROBERT CALLOWAY<br>FRANK J. ADOLPH<br>FRED V. BEEBE | SECTION "L"(4) |

## ORDER AND REASONS

Before the Court is a request by Defendant Robert B. Calloway for any analyses and spreadsheets of Mr. Gibbs's financial fraud prepared by Government actors. R. Doc. 292. The government opposes the request. R. Doc. 301. On July 29, 2021, the Court ordered the government to produce the material *in camera* for the Court to determine the nature of the documents and who prepared them. The Court has received and reviewed the analyses *in camera* and now rules as follows.

I.  **BACKGROUND**

The Court assumes familiarity with the factual and procedural background of this bank fraud case. Mr. Calloway was employed by First NBC Bank (FNBC) as an Executive Vice President and served as a commercial relationship manager with tax credit specialization. R. Doc. 318. On August 5, 2021, a 49-count Second Superseding Indictment was entered charging Calloway and four others with conspiracy to commit bank fraud, bank fraud, and false entries in bank records. R. Doc. 318. In relevant part, the indictment alleges that several FNBC bank officers participated in a scheme to defraud FNBC and enrich themselves by disguising the true financial

1

status of certain borrowers and their troubled loans by mispresenting borrowers' creditworthiness, the purposes of the loans, and the methods of repayment. *Id.* at 7. Notably, the charges against Mr. Calloway solely relate to his lending relationship with Mr. Gary Gibbs, a real estate developer and borrower at FNBC, both individually and through related entities.

## II. PRESENT MOTION

Mr. Calloway now seeks the production of spreadsheets and other documents containing the government's analysis of Gibbs' financial fraud as "critical to his defense." R. Doc. 292. In a nutshell, Mr. Calloway's defense is that Mr. Gibbs' false financial statements were made by Mr. Gibbs without Mr. Calloway's knowledge. R. Doc. 292-1 at 3. Mr. Calloway therefore argues that any analyses of Gibbs's financial fraud by government actors would show that Mr. Gibbs engaged in wide-ranging financial fraud to deceive even Mr. Calloway. *Id.* Calloway also contends that he could not reasonably obtain equivalent materials without the burden of locating all the underlying financial records and hiring forensic accountants to run analyses. *Id.* at 4.

The government argues this material is exempt from discovery under Rule 16(a)(2) because it was created at the direction of government attorneys and with their advice and participation. R. Doc. 301 at 1-2. Moreover, even without such attorney participation, the government maintains that Rule 16 protects the disclosure of internal reports or memoranda "made by an attorney for the government or *other government agent*." *Id*. at 2 (citing Rule 16(a)(2)).

## III. LAW & ANALYSIS

Federal Rule of Criminal Procedure 16(a)(2) exempts from disclosure to the defendant "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(1). The Advisory Committee Notes to Rule 16(a)(2)

state "that the phrase 'reports, memoranda, or other internal government documents made by an attorney for the government' was meant to incorporate the 'work product' language of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947), into the rule to ensure that government attorneys' litigation preparations are protected from discovery." *United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995); *see also United States v. Nobles*, 422 U.S. 225, 236 (1975) (The work product doctrine "applies to criminal litigation as well as civil[.]"). The Supreme Court has clearly stated that although Rule 16(a)(1)(C) [of the Federal Rules of Criminal Procedure] permits a defendant to examine documents material to his defense, under Rule 16(a)(2) "he may not examine Government work product in connection with his case." *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

Here, after reviewing the materials *in camera*, the Court finds the government's spreadsheets and internal analyses of Gibbs' financial fraud constitute "government work product" and are therefore sheltered from disclosure under Rule 16(a)(2). Fed. R. Crim. P 12(a)(2); *United States v. Armstrong,* 517 U.S. 456, 463, (1996)*.*

First and foremost, the Court concludes that this material consists of organizations and summaries of underlying factual information in preparation of trial. Much of the analyses contain the mental impressions and comments of government attorneys, who requested specific areas of analyses. In addition, the financial analysts who participated in the investigation are government agents in this context; thus, their internal memoranda are not discoverable regardless. *See United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995) ("As an internal government document produced by government agents in connection with the investigation of this case, the reports at issue clearly fall within the ambit of [Rule 16(a)(2)], and thus are exempted from discovery.")

Second, the Court notes that government has produced all of the underlying factual data to Calloway that it relied on to conduct this analysis. Specifically, the government produced all the loan materials, bank records, and financial statements related to Gibbs during discovery. In addition, the government has already produced numerous memoranda of interviews and agent reports. Thus, Calloway already has the information needed to replicate the analyses. *See United States v. Meadows*, No. 14-CR-251, 2014 WL 6684977, at *3 (D. Minn. Nov. 25, 2014) (denying Defendant's request for government's analyses of banking information where Defendant could use underlying bank records to reconstruct the government's analyses). The government is not obligated to disclose its own work product to spare defendant the burden of conducting such financial analyses himself. In sum, pursuant to Rule 16(a)(2), the government's internal analyses of Gibbs' financial fraud are non-discoverable before trial. *See* Fed. R. Crim. P. 16(a)(2).

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the request for disclosure of the government's analyses of Gibbs' financial fraud, R. Doc. 292, is hereby **DENIED**.

New Orleans, Louisiana, this 16th day of August, 2021.

_____
UNITED STATES DISTRICT JUDGE